Allen F. Clendaniel, Alaska Bar No. 0411084
William D. Falsey, Alaska Bar No. 0511099
SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone:  907-677-3600
Fax:    907-677-3605
Email:  clendaniel@alaskalaw.pro
Email:  falsey@alaskalaw.pro

Attorneys for Plaintiff *All American Oilfield Associates, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALL AMERICAN OILFIELD ASSOCIATES, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>TERAS OILFIELD SUPPORT, LTD.,<br><br>                Defendant. | Case No. 3:14-CV-000___-___ |

## COMPLAINT

All American Oilfield Associates, LLC, through its counsel Sedor, Wendlandt, Evans and Filippi LLC, states for its Complaint against Teras Oilfield Support, Ltd., as follows:

### THE PARTIES

1.  Plaintiff All American Oilfield Associates, LLC ("All American") is an Alaska limited liability company headquartered on the Kenai Peninsula.

2. On information and belief, defendant Teras Oilfield Support, Ltd. ("Teras") is a company organized under the laws of the British Virgin Islands, whose address is 15 Hoe Chiang Road, #12-05 Tower Fifteen, Singapore 089316. Teras is a wholly owned subsidiary of Ezion Holdings Ltd., which shares the same address.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332.

4. The United States District Court has personal jurisdiction over all parties.

5. In accordance with 28 U.S.C. § 1391(a)(2), venue is proper in the District of Alaska because a substantial part of the events and omissions giving raise to this Complaint occurred in Alaska, and the property at issue is held in Alaska.

## BACKGROUND FACTS

*The Glacier Rig*

6. At times relevant to the events described in this Complaint, Teras owned a Mesa 1000 carrier-mounted land drilling rig, referred to as the Glacier 1 Land Drilling Rig ("Glacier Rig").

7. At times relevant to the events described in this Complaint, the Glacier Rig was located on the West Eagle drilling pad, approximately 20-30 miles northeast of Homer, Alaska.

COMPLAINT Case No. 3:14-CV-000___-___
*All American Oilfield Assocs., LLC v. Teras Oilfield Support, Ltd.* Page 2 of 10

Case 3:14-cv-00250-HRH   Document 1   Filed 12/19/14   Page 2 of 10

### Teras Acquires the Rig and
### Leases It To A Subsidiary of Buccaneer Energy Limited

8. On or about May 2012, Teras purchased the Glacier Rig.

9. On or about May 2012, Teras leased, with an option to purchase, the Glacier Rig to Kenai Land Ventures, LLC, a newly created, wholly owned subsidiary of Buccaneer Energy Limited ("Buccaneer Energy").

### Buccaneer's West Eagle Oil and Gas Unit

10. Buccaneer Alaska, LLC ("Buccaneer Alaska"), another of Buccaneer Energy's wholly owned subsidiaries, was the sole working interest owner of oil and gas leases that were unitized to form the West Eagle Unit, located northwest of Homer, Alaska.

11. The Glacier Rig was located in, and operated at the West Eagle Unit.

12. Buccaneer Energy operated the Glacier Rig through another of its wholly owned subsidiaries, Buccaneer Alaska Operations, LLC ("Buccaneer Alaska Operations").

### Buccaneer Enters Into a Contract with All American

13. In 2012, Buccaneer Alaska Operations retained plaintiff All American to provide "mobile drilling unit operation and maintenance," including the drilling and completion of wells, the operation and maintenance of the Glacier Rig, and related auxiliary operations and services.

14. In 2012, Buccaneer Alaska Operations and All American entered into the Contract For Mobile Drilling Unit Operations (Operations Contract), attached to this Complaint as Attachment 1.

COMPLAINT  Case No. 3:14-CV-000___-___
*All American Oilfield Assocs., LLC v. Teras Oilfield Support, Ltd.*  Page 3 of 10

Case 3:14-cv-00250-HRH   Document 1   Filed 12/19/14   Page 3 of 10

15. From approximately May 24, 2012 to June 1, 2014, All American provided personnel, labor, skill, material, services and equipment ("Work") to, and at the insistence of, Buccaneer Alaska Operations and/or Buccaneer Alaska, LLC to operate and maintain the Glacier Rig and the West Eagle Unit.

16. Among other things, All American used the Glacier Rig to do work on the West Eagle No. 1 well located within the West Eagle Unit.

17. The West Eagle No. 1 well proved to be a dry hole.

18. Teras had knowledge of All American's provision of Work to operate and maintain the Glacier Rig, West Eagle Unit, and West Eagle No. 1 well.

*Buccaneer Declares Bankruptcy*

19. On May 31, 2014, Buccaneer Energy, Buccaneer Alaska, LLC, Buccaneer Alaska Operations, and Kenai Land Ventures, LLC (and a related corporate parent, and corporate siblings) filed petitions in the United States Bankruptcy Court for the Southern District of Texas seeking relief under chapter 11 of the United States Bankruptcy Code.

*Buccaneer Breaches the Operations Contract*

20. All American was not paid all amounts owed to it under the Operations Contract.

21. As of November 19, 2014, the amount owed to All American for Work it supplied to Buccaneer Alaska Operations and/or Buccaneer Alaska, LLC to operate and maintain the Glacier Rig and the West Eagle Unit was $618,195.92 (SIX-

HUNDRED EIGHTTEEN-THOUSAND, ONE-HUNDRED NINETY FIVE AND 92/100 DOLLARS), plus interest.

*All American Liens the Glacier Rig*

22. To protect its interests, and consistent with AS 34.35.125, AS 34.35.130, and AS 34.35.160, All American on May 23, 2014 filed in the Homer Recording District a Claim of Lien against the Glacier Rig. The Claim of Lien was recorded as 2014-001399-0.

23. To further protect its interests, and consistent with AS 34.35.180, All American on May 23, 2014 also filed in the Homer Recording District a separate Lien Notice against the Glacier Rig. The Lien Notice was recorded as 2014-001398-0.

24. All American amended its Claim of Lien via an Amended Claim of Lien ("Amended Machine Lien") recorded in the Homer Recording District on July 9, 2014. The Amended Machine Lien was recorded as 2014-001844-0, and is attached to this Complaint as Attachment 2.

25. All American recorded its Amended Machine Lien against the Glacier Rig for labor, materials, services and equipment furnished by All American from May 24, 2012 to June 1, 2014 to Buccaneer Alaska Operations and/or Buccaneer Alaska at the West Eagle Unit and upon the Glacier Rig.

26. All American's provision of such labor, materials, services and equipment was made with the knowledge of and at the insistence of Teras.

27. All American separately amended its Lien Notice via an Amended Lien Notice ("Amended Chattel Lien") recorded in the Homer Recording District on July 9, 2014. The Amended Chattel Lien was recorded as 2014-001845-0, and is attached to this Complaint as Attachment 3.

28. All American recorded its Amended Chattel Lien against the Glacier Rig for labor, skill and material furnished by All American from May 24, 2012 to June 1, 2014 to Buccaneer Alaska Operations and/or Buccaneer Alaska at the West Eagle Unit and upon the Glacier Rig.

*The Replacement Lien Agreement*

29. On July 3, 2014, Teras entered into a purchase and sale agreement to sell the Glacier Rig.

30. To forestall any lawsuit to foreclose either of the liens filed by All American against the Glacier Rig, and because Teras desired that All American release the liens against the Glacier Rig, plaintiff All American and defendant Teras entered into a Replacement Lien Agreement on November 19, 2014. The Replacement Lien Agreement is attached to this Complaint at Attachment 4.

31. In pertinent part, the Replacement Lien Agreement obligated Teras to deposit $640,195.92 into an escrow account ("Escrowed Funds"). In exchange, All American released both the Amended Machine Lien and the Amended Chattel Lien against the Glacier Rig, in favor of a lien against the Escrowed Funds (the "Replacement Lien").

32. The Replacement Lien Agreement further provides that All American's Replacement Lien against the Escrowed Funds "shall be enforceable if and to [the] same extent that [the Amended Machine Lien and the Amended Chattel Lien] would have been enforceable."

33. The Replacement Lien Agreement also provides that, in "any lawsuit by All American to foreclose the Replacement Lien," All American "shall be entitled to an award of a reasonable attorney fee to the same extent that such an award would [have been] available under AS 34.35.005."

34. To forestall litigation regarding the Replacement Lien, All American and Teras further agreed in the Replacement Lien Agreement that neither would file an action related to the Replacement Lien prior to December 5, 2014. To protect All American's interests, the Agreement provided that the Replacement Lien would be enforceable on December 5, 2014, "regardless of when the [Amended Machine Lien and Amended Chattel Lien] would have expired, and if even if [they] would have expired prior to December 5, 2014."

35. By two subsequent amendments to the Replacement Lien Agreement, the December 5, 2014 date was later extended to December 19, 2015. The two amendments to the Replacement Lien Agreement are attached as Attachments 5 and 6.

### CLAIM 1
### Declaration of Rights Under the Replacement Lien Agreement
### (28 U.S.C. §§ 2201-2202)

36. Plaintiff All American re-alleges and incorporates the allegations of

paragraphs 1-35.

37. All American's Amended Machine Lien and Amended Chattel Lien filed against the Glacier Rig were valid and properly filed.

38. Had All American not entered into the Replacement Lien Agreement, it could have brought an action under AS 34.35 to foreclose the Amended Machine Lien and the Amended Chattel Lien.

39. An action brought by All American to foreclose the Amended Machine Lien and Amended Chattel Lien would have been successful, and lead to a recovery for All American in excess of $618,195.92.

40. Under terms of the Parties' Replacement Lien Agreement, All American is entitled to bring this action to seek to foreclose and enforce the Replacement Lien, and to seek to obtain ownership of the Escrowed Funds.

41. Under terms of the Parties' Replacement Lien Agreement, All American is entitled to a declaration that it is the true and rightful owner of the Escrowed Funds, and is entitled to possession of the Escrowed Funds.

### CLAIM 2
### Enforcement and Foreclosure of the Replacement Lien
### & Distribution of the Escrowed Funds
### (AS 35.34.005)

42. Plaintiff All American re-alleges and incorporates the allegations of paragraphs 1-41.

43. All American is entitled to foreclose upon the Replacement Lien and to receive distribution of the Escrowed Funds.

## CLAIM 3
### Breach of the Replacement Lien Agreement

44. Plaintiff All American re-alleges and incorporates the allegations of paragraphs 1-43.

45. All American has demanded payment from Teras in the amount of $618,195.92, plus its reasonable attorney's fees incurred in connection with this matter, but Teras has refused to provide All American with such payment.

46. Teras's refusal to provide All American with the Escrowed Funds amounts to a breach of the Replacement Lien Agreement.

47. As a result of Teras's breach of the Replacement Lien Agreement, All American has incurred damages in excess of $618,195.92

## PRAYER FOR RELIEF

WHEREFORE, plaintiff All American requests that judgment be entered in its favor and that the Court provide the following relief:

A. A Declaration that All American is entitled to the Escrowed Funds;

B. An Order directing the Escrow Agent to distribute the Escrowed Funds to All American, or an Order compelling Teras to distribute the Escrowed Funds to All American or to pay damages to All American in a like amount;

C. An Order awarding All American its costs and attorneys' fees incurred in connection with this lawsuit; and

D. Such other relief as the court deems equitable.

/

/

DATED this 19th day of December, 2014, at Anchorage, Alaska.

SEDOR, WENDLANDT, EVANS & FILIPPI, LLC
*Attorneys for Plaintiff All American Oilfield Assocs., LLC*


By: s/ William D. Falsey
Allen F. Clendaniel, Alaska Bar No. 0411084
William D. Falsey, Alaska Bar No. 0511099


**List of Attachments**

| | |
|---|---|
| **Attachment 1:** | Contract Between Buccaneer Alaska Operations, LLC and All American Oilfield Associates, LLC For Mobile Drilling Unit Operation And Maintenance (August 2012) |
| **Attachment 2:** | Amended Claim of Lien, # 2014-001844-0 (July 9, 2014) |
| **Attachment 3:** | Amended Lien Notice, # 2014-001845-0 (July 9, 2014) |
| **Attachment 4:** | Replacement Lien Agreement between All American Oilfield Associates, LLC and Teras Oilfield Support Limited (November 19, 2014) |
| **Attachment 5:** | Amendment to Replacement Lien Agreement between All American Oilfield Associates, LLC and Teras Oilfield Support Limited (December 4, 2014) |
| **Attachment 6:** | Second Amendment to Replacement Lien Agreement between All American Oilfield Associates, LLC and Teras Oilfield Support Limited (December 11, 2014) |

COMPLAINT  Case No. 3:14-CV-000___-___
*All American Oilfield Assocs., LLC v. Teras Oilfield Support, Ltd.*  Page 10 of 10

Case 3:14-cv-00250-HRH   Document 1   Filed 12/19/14   Page 10 of 10